JOHN CARBONE *vs.* WILLIAM KROTT ET AL.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

Findings of negligence by the defendant, and of freedom from contributory negligence upon the part of the plaintiff, in an action for personal injury, reviewed and *held* to have been warranted by the evidence.

There is no occasion to apply or consider the last-clear-chance doctrine, if the dangerous situation of the plaintiff was not due in anywise to his own negligence, but solely to the reckless and negligent conduct of the defendant.

Argued January 23d—decided March 1st, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants in the operation of an automobile, brought to and tried by the Superior Court in New Haven County, *Jennings, J.;* the plaintiff was nonsuited as to the defendant Edward Krott, but had judgment for $5,338.77 against the defendant William Krott, from which that defendant appealed. *No error.*

*William J. McKenna* and *Joseph V. Esposito,* for the appellant (defendant William Krott).

*Frank P. McEvoy,* with whom was *Albert W. Cretella,* for the appellee (plaintiff).

WEBB, J. The motion of the appellant for a correction of the finding is without merit. There was not only evidence, but as it seems to us, abundant evidence to support the finding of the facts set forth in paragraphs eight, nine, ten and fifteen of the finding, which the appellant moved to have stricken out. This con-

clusion is reached from an examination of the exhibits, from the evidence filed with the defendant's exceptions to the finding, and from the additional transcripts from the evidence certified by the trial judge.

The finding sets forth—and to this part of the finding the defendant did not except—that as the plaintiff started from the westerly side of Dixwell Avenue to walk across the street to a Ford car parked on the easterly side facing north, he looked to the south and saw no car approaching. His failure to see the defendant's car was doubtless because of the distance it was from him at that moment, and of the fact, as the plaintiff testified, that when he did see it, it was approaching without lights and without the sounding of the horn. The accident occurred shortly after ten o'clock at night. The evidence certified in the record, supports the conclusions of the trial court set forth in paragraphs eight, nine, and ten of the finding, that when the plaintiff reached the first of the double set of trolley-tracks he again looked south, and for the first time saw the automobile driven by the defendant William Krott approaching from the south at about thirty miles an hour; that the plaintiff reasonably assumed the defendant would pass in his, the plaintiff's, rear, and that the prudent thing for him to do was to proceed toward the Ford car; that when two or three feet from the Ford car and about eight feet from the easterly curb, he was struck by the right-hand bumper and fender of the automobile driven by the defendant, carried for some distance, and dropped unconscious in the street. The evidence certified clearly supports the conclusion of the trial court set forth in paragraph fifteen of the finding, that the defendant saw the plaintiff plainly and could easily have avoided him by turning even slightly to the left, as there was at least thirty feet of clear road at his disposal. There was no exception to the finding that the

defendant William Krott, while driving this automobile, was so much under the influence of intoxicating liquor as to attract the attention of a witness, and upon immediately being arrested he was taken to the nearby police station and spent the remainder of the night in an intoxicated slumber. The defendant not only struck the plaintiff, but at or about the same instant, collided with the Ford car standing on the easterly side of the street.

Unless the finding is corrected, there is no occasion to consider at length the defendant's second and third assignments of error. The trial court has found, and the evidence so far as certified fully sustains this finding, that the plaintiff was, at all times, in the exercise of reasonable care, and that the injuries he received were caused by the recklessness, carelessness, and negligence of the defendant.

The third assignment of error, that "the court erred in holding and ruling that the so-called last-clear-chance doctrine . . . was applicable to the issues as of record," is without significance or merit. The trial court has indicated in the addition to the finding, which incorporates its memorandum of decision, that the important question—and as the certified evidence seems to disclose the only question—in the case was whether the plaintiff was guilty of contributory negligence, and very properly, as we think, arrived at the conclusion that he was not. The plaintiff, it is true, got into a place of danger, through no negligence of his own, but a place made hazardous solely by the recklessness, carelessness and negligence of the defendant. There could, upon the evidence, be no escape from this conclusion. There was, therefore, no occasion to consider or apply the last-clear-chance doctrine. The trial court did not, in fact, rule that the last-clear-chance doctrine was applicable to the case, as stated in the third assignment

of error. In permitting the addition to the finding, setting forth all of the claims of law contained in the defendant's request for a finding—among them that the last-clear-chance doctrine did not apply—the trial judge states that he did not include them in the original finding because it was evident that the defendant clearly misapprehended their import.

There is no error.

In this opinion the other judges concurred.